UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL K. FAUROTE and EDA M.
SMITH,

    Plaintiffs,

v.

Case No: 8:17-cv-2317-T-36CPT

UNITED STATES OF AMERICA,

    Defendant.
_____/

# **ORDER**

This matter comes before the Court upon the Defendant's Motion to Dismiss (Doc. 6) and Plaintiffs' response in opposition (Doc. 14). In the motion, Defendant contends that the Court should dismiss the Complaint because the Plaintiffs' allegations do not satisfy the Florida impact rule for emotional distress claims. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion to Dismiss, in part.

    **I.    STATEMENT OF FACTS[1]**

Daniel K. Faroute and Eda M. Smith live together in Pasco County, Florida. Doc. 1 at ¶ 6. On July 7, 2016, Faroute received surgical treatment at the Tampa Veteran's Administration Medical Center (the "Tampa VA") for obstructive sleep apnea. *Id*. at ¶ 13. A month after the procedure, Faroute and Smith had a meeting at the Tampa VA. *Id*. at ¶ 14. The Tampa VA's chief of staff told Faroute that the medical staff used instruments in his procedure that did not satisfy all Tampa VA sterilization requirements. *Id*. Two of the three indicator strips on the instrument tray

---

[1] The following statement of facts is derived from the Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

indicated that the tray did not reach the temperature and pressure levels required for proper sterilization. Doc. 1-1 at 3. Faroute and Smith received routine blood testing to ensure that neither had contracted HIV or hepatitis as a result of the incident. Doc. 1 at ¶ 16. Plaintiffs do not allege that either has contracted HIV or hepatitis. *See id.* at ¶¶ 15, 16. Faroute and Smith have a sexual relationship which created a risk of exposure to Smith. Doc. 1-1 at 2. Plaintiffs sue for negligence and demand $500,000 in damages for pain and suffering and loss of enjoyment of life.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed.R.Civ.P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III. DISCUSSION

The United States argues that the impact rule bars Plaintiffs' recovery. Specifically, because the alleged injury derives from Defendant's disclosure that the surgical tools were not properly sterilized as opposed to the surgery itself, it argues that the emotional distress does not flow from an impact. The United States relies on *R.J. v. Humana of Fla., Inc.*, 652 So. 2d 360 (Fla. 1995) for the proposition that Florida law requires a physical impact from a negligent act to sustain

a claim for emotional distress. Plaintiffs argue that the alleged negligence is the failure to sterilize the surgical tools, not the disclosure, and therefore Faroute's physical contact during the surgery is sufficient to satisfy the impact rule; *R.J.* is distinguishable; Smith's sexual contact with Faroute and blood testing satisfies the physical impact rule; and the Complaint otherwise states a proper claim for relief.

Under federal law, the United States is liable for personal injury caused by the negligence of a government employee "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Plaintiffs allege negligence at the Tampa VA implicating Florida law.

Florida's version of the impact rule bars a claim for mental or emotional damages caused by a defendant's negligence unless: (1) the plaintiff sustained a physical impact from an external source; (2) the claim arises from a situation in which the "impact" requirement is relaxed and the plaintiff manifests a significant discernible physical injury or illness as a result of the emotional trauma; or (3) one of the narrow exceptions to the impact rule applies rendering the rule inapplicable. *Fla. Dep't of Corr. v. Abril*, 969 So. 2d 201, 206 (Fla. 2007) (per curiam); *Willis v. Gami Golden Glades, LLC*, 967 So. 2d 846, 850 (Fla. 2007) (per curiam); *Gracey v. Eaker*, 837 So. 2d 348, 355 (Fla. 2002).

In *Willis*, the Florida Supreme Court clarified that no physical injury is necessary to overcome the impact rule where the plaintiff sustains "an impact or touching." 967 So. 2d at 850 ("When an impact or touching has occurred the rule has no application."). "The essence of impact...is that the outside force or substance, no matter how large or small, visible or invisible, and no matter that the effects are not immediately deleterious, touch or enter into the plaintiff's

3

body." *Id.* (quoting *Eagle–Picher Indus., Inc. v. Cox*, 481 So. 2d 517, 527 (Fla. 3d DCA 1985)). In the absence of an impact and in limited situations "the manifestation of severe emotional distress such as physical injuries or illness" may suffice to sustain a claim for emotional distress. *Abril*, 969 So. 2d at 205. Florida courts have identified a few narrow exceptions to the impact rule, such as intentional torts, certain "freestanding torts," and breaches of the duty of confidentiality as to the release of sensitive personal information. *Id.* at 206.

The United States argues that the surgery itself is not an "impact" because at the time that the tools touched Faroute, he did not know they were potentially contaminated. It also argues that the blood testing was not an "impact" because it involved ordinary touching and testing by a doctor. It states that to "permit liability for fear alone encourages inherently speculative, intangible claims and renders nearly impossible the defense of those claims." Doc. 6 at 5 (citing *R.J.*, 652 So. 2d at 362-63).

As alleged in the complaint, the negligent act was the improper sterilization of the surgical tools, which caused trauma to Faroute upon notification of this failure to properly sterilize. The physical contact flows from the alleged negligent conduct. Thus Faroute has set forth sufficient allegations to demonstrate a slight "impact" to proceed with his case, at this stage of the litigation.

Faroute's claim is similar to the plaintiffs' claims in *Alvarado v. U.S.,* 10-22788-CIV, 2010 WL 11553432, at *1 (S.D. Fla. Oct. 15, 2010). There, the plaintiffs argued that they suffered damages from the "negligent infliction of emotional distress that occurred when Plaintiffs learned that they were at a potential risk of having various diseases as a result of colonoscopies performed at a veterans' hospital operated by the Veteran's Administration[.]" *Id*. The defendant, relying on *R.J.*, argued that the letter informing the plaintiffs of their potential risk caused the plaintiffs' distress. Therefore, it argued, the operation was not an "impact" for purposes of the impact rule.

4

*Id.* at *3. The court held that *R.J.* was distinguishable in that the negligence alleged in *R.J.* related to the testing in a laboratory miles away and not in the way the blood was drawn from the plaintiff, which was the only physical impact he endured. *Id.* The *Alvarado* court denied dismissal and found that the plaintiffs met the "slight" impact requirement under Florida law. *Id.*

The United States also argues that Smith has not sustained a physical impact, and does not otherwise meet the requirements for establishing a claim for emotional distress in this context. Smith argues that her sexual encounters with Faroute, prior to his knowledge of the exposure, and the blood testing done after the notification constitute the necessary "impact." Doc. 14 at 4. The Court is not persuaded that Smith sustained an impact. Again, as alleged in the complaint, the negligent act at issue is the lack of sterilization of the tools. Smith's alleged physical contact with Faroute appears unrelated to the negligence.

The parties did not identify any case law on point or analogous to Smith's claim. Generally, to satisfy the impact rule in Florida, the physical contact must be part of the alleged wrongful conduct. *Compare Willis,* 967 So. 2d at 850–51 (robber's putting of pistol to plaintiff's head during robbery satisfied impact rule where claim for negligent infliction of emotional distress was based on hotel's alleged negligence in failing to provide adequate security), with *R.J.,* 652 So. 2d at 364 (stating, in case involving alleged negligent misdiagnosis, "that touching of a patient by a doctor and the taking of blood for ordinary testing would not qualify for a physical impact," but "other more invasive medical treatment or the prescribing of drugs with toxic or adverse side effects would so qualify").

If the alleged wrongful conduct is unrelated to the physical contact, courts have generally dismissed the negligence claims. *See Langbehn v. Pub. Health Tr. of Miami-Dade County*, 661 F. Supp. 2d 1326, 1341 (S.D. Fla. 2009) (finding no physical impact in patient's negligence claim

when medical staff touched her during medical treatment and restrained her for her own protection because the medical treatment was not independently wrongful). *See also Thomas v. Hosp. Bd. of Directors of Lee County*, 41 So. 3d 246, 253 (Fla. 2d DCA 2010) ("If the plaintiff has suffered an impact, Florida courts permit recovery for emotional distress *stemming from the incident during which the impact occurred*, and not merely the impact itself.") (emphasis added). The impact rule essentially provides that in an action for simple negligence, there can be no recovery for mental or emotional pain and suffering unconnected to physical injury. *Id*. In Smith's case, the nexus between the physical injury and the negligent act is insufficient to survive dismissal.

Further, the allegations, when viewed in the light most favorable to Smith, do not appear to satisfy the relaxed standards for the impact rule. They do not demonstrate that she manifested some physical injury or illness as a result of the emotional trauma. Smith alleges "pain and suffering," but there are no details regarding what caused her pain or the type of pain she suffered.[2] A physical symptom "is not equivalent to a physical *injury or illness*, let alone a 'significant discernible physical injury' as *Champion* [*v. Gray,* 478 So. 2d 17 (Fla. 1985)] requires." *Pipino v. Delta Air Lines, Inc*., 196 F. Supp. 3d 1306, 1318 (S.D. Fla. 2016) (quoting *Champion*, 478 So. 2d at 18) (emphasis in original). *See also Godelia v. Doe 1*, 881 F.3d 1309, 1323 (11th Cir. 2018) ("[G]eneralized allegations of muscle and stomach pain appear closer to the symptoms deemed insufficient in *R.J*. than those found sufficient in *Zell*. …If the plaintiffs' symptoms have manifested into more concrete physical injuries, those facts would properly be the subject of an amendment to the complaint."). In *Langbehn*, the court held that the conclusory allegation that

---

[2] "[B]odily injury including hypertension, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and the reasonable expense for medical care and attention" are "insufficient to meet the physical injury required under the impact rule." *R.J*., 652 So. 2d at 364.

plaintiffs, who were the children of the hospital patient, suffered "physical injury" was "devoid of any supporting facts so as to survive a motion to dismiss." 661 F. Supp. 2d 1326. But the same court held that the patient's life-long partner sustained an "impact" from the alleged negligence of medical personnel disallowing visitation because the partner became physically ill, experienced stomach pain and nausea, and vomited while at the hospital, and then she suffered exacerbation of her multiple sclerosis symptoms, requiring hospitalization, not long after events at the hospital.[3] *See id*. at 1341. Smith's allegations fall short of demonstrating a claim under this theory.

Smith also does not argue, and the Court sees no basis to find based on these allegations, that her claim fits into one of the narrow exceptions to the impact rule. For example, the Supreme Court has noted that the impact rule does not apply to "any intentional torts, such as defamation, invasion of privacy, and intentional infliction of emotional distress." *Abril*, 969 So. 2d at 206–07. Also the rule does not appear to apply to "freestanding torts" such as wrongful birth. *Id*. (citing *Kush v. Lloyd*, 616 So. 2d 415, 422 (Fla. 1992)). *See also Rowell v. Holt*, 850 So. 2d 474, 477–78 (Fla. 2003) (holding that negligent failure to deliver a document that would have allowed for the "immediate release of a pretrial detainee resulted in a protracted period of wrongful pretrial imprisonment with resultant emotional distress" was a narrow exception to the impact rule). Smith's claim is subject to dismissal.

---

[3] *But see Elliott v. Elliott*, 58 So. 3d 878, 882 (Fla. 1st DCA 2011) where the court characterized *Langbehn's* discussion of the various physical symptoms which it found adequate to satisfy the impact rule under Florida law as dicta, and declined to follow the court's analysis. In *Elliot*, the ailments complained of were headaches, diabetes, sleep apnea, stress, insomnia, anxiety, loss of appetite, hair loss, and bowel trouble. The *Elliot* court held they were not the sort of discernable physical injuries which satisfy the physical impact rule.

## IV. CONCLUSION

The Florida impact rule does not bar Faroute's claims. The United States' reliance on *R.J.* is misplaced, as that case is distinguishable. Here, the improperly sterilized surgical instruments were actually used on Faroute, and his alleged injuries flow from that act. But Smith's claims are much more tenuous. However, the Court will permit Smith at least one opportunity to amend her claims, as requested in Plaintiffs' response. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (directing courts to grant leave to amend freely absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice or futility of amendment).

**Accordingly, it is ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 6) is **GRANTED-IN-PART,** as to Plaintiff Eda Smith's claim**.**

2. The Complaint is **DISMISSED** without prejudice.

3. Plaintiff is granted leave to file an Amended Complaint within **fourteen (14) days** of the date of this Order. If no Amended Complaint is filed in the time allotted, this case will proceed on the claim of Plaintiff Daniel K. Faroute only.

**DONE AND ORDERED** in Tampa, Florida on July 13, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any